Maupin, J.,
with whom Becker, J., agrees, concurring:
I agree that Duane Daniels did not become disabled until after his heart attack in February of 2000 and that Bechtel is the employer responsible for firefighter disability benefits owed under NRS 617.457(1). The majority, however, goes on to indicate in the conclusion to its opinion that “Bechtel can defend itself [on remand] ... by showing that Daniels failed to quit smoking, a predisposing condition within his control, after being warned to do so in writing.” This observation is based upon NRS 617.457(6), which precludes recovery of firefighter disability benefits under NRS 617.457(1) when the firefighter has failed to correct conditions that lead to heart disease. I write separately to address the application of NRS 617.457(6) to the remaining proceedings below. NRS 617.457(6) provides as follows:
Failure to correct predisposing conditions which lead to heart disease when so ordered in writing by the examining physician subsequent to the annual examination excludes the employee from the benefits of this section if the correction is within the ability of the employee.
In my view, the requirement of compliance with physician ordered “correction” of “predisposing conditions which lead to heart disease” is ambiguous as it relates to smoking. This is because it is generally understood that a heart attack is usually the end result of one general condition — ongoing developmental coronary artery disease characterized by atherosclerotic changes that are reflective of a person’s genetic profile. And, to the extent that NRS 617.457(6) might relate to smoking, which may play a role in the exacerbation of progressive heart disease in many individuals, smoking is not a “condition.”[1]
Notwithstanding the Legislature’s chosen terminology, it clearly intended that firefighters who smoke should not enjoy the presumption that disability attendant to heart disease after five years on the job is a compensable event. Giving way to the Legislature’s intent in passing NRS 617.457(6), that a worker should follow physician-imposed directions to cease unhealthful activity that may *1019 increase the chances of disability caused by heart disease, I would construe this measure as requiring a medical analysis of whether and the extent to which use of tobacco products has caused or contributed to a firefighter’s heart attack, or accelerated the progress of his or her coronary vessel disease. This principle should govern the remaining proceedings on remand.

CONCLUSION

Although smoking is not in and of itself a medical condition that can be corrected under NRS 617.457(6), smoking is also known to accelerate or exacerbate the progress of coronary vessel disease. Accordingly, it is relevant to this disability claim under NRS 617.457(1). I would note, however, that the burden of overcoming the presumption should be on the employer.

 I note that smoking may lead to an addiction that can be considered a medical condition. But it is not the addiction that medically leads to coronary vessel disease, it is the long-term intake of tobacco smoke, whether the smoker is addicted or not, that does so.